Filed 6/2/22  P. v. Mitchell CA2/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B298910 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA422497) |
| v. | |
| BERNARD MITCHELL, | **OPINION ON REMAND** |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ronald S. Coen, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan

Pithey, Assistant Attorney General, David E. Madeo and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

A jury convicted Bernard Mitchell (defendant) of six counts of second degree robbery, one for each victim of his two bank robberies. The jury also found true six enhancements for the personal use of a firearm (Pen. Code, § 12022.53, subd. (b)).[1] Those enhancements added a total of 26 years and eight months to his sentence. In the most recent sentencing proceeding, defendant asked the trial court to exercise its then-newly conferred discretion under section 12022.53, subdivision (h), to dismiss the firearm enhancements entirely or instead to impose a lesser sentence under the enhancement for personal use of a firearm contained in section 12022.5. The trial court declined, and we affirmed that ruling. (*People v. Mitchell* (May 28, 2020, B298910) [nonpub. opn.].) Our Supreme Court granted review in August 2020; handed down *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) holding that trial courts do have the discretion to dismiss a greater enhancement for an uncharged lesser statutory enhancement; and remanded this case back to us for consideration in light of *Tirado*.

Because *Tirado* unequivocally rejects some of the reasoning we adopted in our prior opinion, that prior opinion and decision is vacated. We remand the matter for a new sentencing hearing for the trial court to reconsider its decision whether to strike the section 12022.53, subdivision (b) enhancements in this case in light of the broader discretion, recognized in *Tirado*, to impose unproven lesser enhancements, including under section 12022.5.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# FACTS AND PROCEDURAL BACKGROUND

## I. Facts

In August 2013 and December 2013, defendant and a companion entered two different One West Bank locations in Los Angeles. Each time, they ordered bank employees, at gunpoint, to lie on the ground. They made away with $73,740 in cash from the August robbery and $63,800 in cash from the December robbery.

## II. Procedural History

As to the first robbery, the People charged defendant with three counts of second degree robbery (§ 211) and alleged his personal use of a firearm during the robbery (§ 12022.53, subd. (b)), for each of the three victims inside the first bank. As to the second robbery, the People again charged defendant with three counts of second degree robbery and again alleged his personal use of a firearm during that robbery, as to each of the three victims inside the second bank.[2]

---

[2] As to each robbery, the People also alleged an enhancement based on the amount taken. During defendant's first appeal, we concluded that the trial court erred in instructing the jury on this enhancement for one of the robberies, and on remand the trial court reduced defendant's sentence by one year.

The People also charged Mitchell with being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and a jury convicted him of that charge.

Because these additional allegations and crime are not at issue in this appeal, we will not discuss them further.

A jury convicted defendant of all six robbery counts and found true all six allegations of the personal use of a firearm as well as the amount-taken enhancement.

The trial court originally sentenced defendant to 40 years in state prison.

After a successful appeal on a sentencing issue unrelated to this appeal and remand, the trial court sentenced defendant to 39 years in state prison. In coming to this calculation, the court used one of the second degree robbery counts from the first robbery as the principal count and imposed a sentence of 16 years, which was comprised of a high-term base sentence of five years plus 10 years for the personal use of a firearm and one year for the amount taken. For the remaining five robbery counts, the court imposed consecutive sentences of four years and eight months, comprised of a base sentence of one year (calculated as one-third the midterm, three-year base sentence for robbery) plus three years and four months for the personal use of a firearm (calculated as one-third of the 10-year enhancement) plus four months for the amount taken (calculated as one-third of the one-year enhancement). To that, the court added a further consecutive sentence of eight months for the felon-in-possession count (calculated as one-third of the midterm sentence of two years).

During this resentencing, defendant asked the trial court to (1) strike the firearm enhancements, or (2) "at least" "perhaps run concurrent" some of those enhancements. The court rejected defendant's second request, stating, "If I do strike that [enhancement], I have discretion to do that completely." The court also rejected defendant's first request, finding no "good cause to strike any firearm enhancement" because this case

4

involved two "takeover robber[ies]" that "caus[ed] great fear to the victims" and because "defendant . . . had two prior[] [felony] convictions at the time of th[ese]" robberies.

Defendant filed a timely appeal.

As noted above, we affirmed, but our Supreme Court vacated our prior opinion and has remanded the matter for us to reconsider in light of *Tirado*.

## DISCUSSION

Section 12022.53 creates three firearm enhancements—a 25-year enhancement for "personally and intentionally discharg[ing] a firearm and proximately caus[ing] great bodily injury" (§ 12022.53, subd. (d)), a 20-year enhancement for "personally and intentionally discharg[ing] a firearm" (but without proximately causing great bodily injury) (*id.*, subd. (c)), and a 10-year enhancement for "personally us[ing] a firearm" (*id.*, subd. (b)). That section also grants a trial court the discretion to "strike or dismiss an enhancement" it was "otherwise required to . . . impose[]" "in the interest of justice pursuant to Section 1385" (*Id.*, subd. (h)), and to impose any enhancement so long as "the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (*Id.*, subd. (j).)

In *Tirado*, *supra*, 12 Cal.5th 688, our Supreme Court held that a trial court that "determines that [a] section 12202.53(d) enhancement should be struck or dismissed under section 12022.53(h)" "may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)," "even if the lesser enhancements were not specifically charged . . . or found true by the jury." (*Id.* at pp. 696, 700.)

In this case, however, the firearm enhancement charged is the lowest, 10-year enhancement under subdivision (b) of section 12022.53.  Thus, the question here is whether *Tirado* confers the discretion to strike this enhancement and substitute a lesser-included firearm enhancement housed in a statute *other than* section 12022.53.  We conclude that the answer is "yes."  Although *Tirado* specifically dealt with a trial court's power to strike one of the higher firearm enhancements under section 12022.53 and to substitute a lesser firearm enhancement *under section 12022.53*, *Tirado*'s language and rationale are not so limited.  As far as its language, *Tirado* held that subdivision (h) of section 12022.53 "permits a [trial] court to strike the [25-year] enhancement found true by the jury and to *impose a lesser uncharged statutory enhancement instead*"—and, tellingly, did not limit this language to the lesser uncharged statutory enhancements housed in section 12022.53.  (*Tirado*, *supra*, 12 Cal.5th at p. 692, italics added.)  As far as its rationale, *Tirado* favorably cited several decisions that have recognized a trial court's authority to impose a lesser-included enhancement housed in a different statute.  (*Id.*, at pp. 697-699, citing *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395, 1398 [§ 12022.5, subd. (a) enhancement applied instead of charged § 12022.53, subd. (d) enhancement].)  The recent decision in *People v. McDavid* (2022) 77 Cal.App.5th 763, 774-775, is in accord.

Here, the trial court rejected defendant's request to strike the firearm enhancements, explaining its view that, "If I do strike that [enhancement], I have discretion to do that *completely*."  (Italics added.)  This language indicates the trial court's belief that its choice was an all-or-nothing choice, one that did not comprehend the option of applying the section 12022.5,

subdivision (a) enhancement. Because a court that is unaware of the scope of its discretion necessarily abuses that discretion (*People v. Carmony* (2004) 33 Cal.4th 367, 378), the trial court's ruling is an abuse of discretion and defendant is entitled to an opportunity to ask the court to exercise its discretion within the full range of possible sentences in mind. The People concede as much.

In doing so, we express no opinion as to how the trial court should exercise its discretion on remand.

## DISPOSITION

The judgment is reversed to the extent it imposed firearm enhancements pursuant to section 12022.53, subdivision (b) and the matter is remanded for resentencing with directions that the court exercise its discretion pursuant to section 12022.53, subdivisions (h) and (j). In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.

7

CHAVEZ